**South Side State Bank, Defendant in Error, v. Fox River Distilling Company, Plaintiff in Error.**

**Gen. No. 20,054.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed with finding of fact. Opinion filed October 5, 1915.

## Statement of the Case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The evidence shows that the Lavigne Company purchased property of said Curtis, giving him the note in question as part of the purchase money; that Harry Lavigne, its president, met Curtis at plaintiff's bank and had an interview with its president as to discounting the note; that the latter required an indorser, and thereupon Lavigne went to the president of the defendant company, who indorsed the note in the name of the corporation by himself as president. The indorsement appeared above that of Curtis. In that form Lavigne returned it to the bank shortly afterwards and the latter discounted the note.

To reverse a judgment for plaintiff for $103.90, defendant prosecutes this writ of error.

Isadore S. Blumenthal, for plaintiff in error; Maurice Alschuler, of counsel.

Lyman M. Paine, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Corporations, § 454*—*when signature that of corporation*. An indorsement of commercial paper in the name of a corporation by its president is prima facie the signature of the corporation.

2. Bills and notes, § 249*—*when holder charged with notice that indorser is corporation*. Where commercial paper when presented for discount bears an indorsement which prima facie is the signature of a corporation, the indorsee for discount is charged with notice that the indorser is a corporation.

3. Bills and notes, § 249*—*when holder charged with notice of accommodation indorsement*. Where commercial paper, both when presented for discount and when discounted, is in the possession of the maker or payee, the indorser for discount is charged with notice that an indorsement not appearing thereon when presented for discount but appearing when discounted was for accommodation only, especially where there is evidence that such indorsement was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

procured for the express purpose of inducing the acceptance of such paper for discount.

4. CORPORATIONS, § 457*—*when holder of note on which corporation accommodation indorser charged with notice.* A bank accepting for discount commercial paper bearing the indorsement of a commercial corporation, under circumstances charging such discounting bank with notice that such indorsement was for accommodation merely, is also charged with notice that such indorsement of such corporation is *ultra vires* as being an act not within the scope of the ordinary business of such corporation.