## John Foster, Appellee, v. Merkle-Korff Gear Company, Appellant.

### Gen. No. 28,523.

1. NEGOTIABLE INSTRUMENTS—*when indorsement by stranger carries notice of accommodation character of endorsement.* One who receives a note the endorser of which is not in the chain of title is charged with notice that the endorsement is for accommodation.

2. NEGOTIABLE INSTRUMENTS—*liability of corporation on ultra vires accommodation indorsement to holder with notice.* The provision of section 29 of the Negotiable Instrument Act (Cahill's Ill. Stat. ch. 98, ¶ 49) that an accommodation party is liable to a holder for value though such holder, at the time of taking the instrument, knew him to be only an accommodation party, does not apply when the accommodation party is a corporation unless it is authorized to issue accommodation paper.

3. CORPORATIONS—*power to indorse note for accommodation.* Unless so authorized by the terms of its charter a corporation has no power to endorse negotiable paper for accommodation and an attempt on the part of a commercial corporation to do so is *ultra vires* and void.

Appeal by defendant from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Reversed. Opinion filed June 11, 1924.

GROSSBERG & HAFFENBERG, for appellant; SAMUEL KRAUS, of counsel.

SCHOENBROD & ROSENGARD, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this appeal, the defendant, Merkle-Korff Gear Company, seeks to reverse a judgment for $469.50 recovered against it in the Municipal Court of Chicago, by the plaintiff Foster. The plaintiff's claim was for the balance alleged to be due on a promissory note for $869.50. As shown by the record, the maker of the note sued upon was Modern Phonograph Supply Co. by C. L. Rowe, president. The payee of the note was Sterling Talking Machine Company. The note was dated August 1, 1921, and was payable three months after date. Upon the reverse side of the note there appeared two indorsements. The first one was that of the defendant Company, by its president, and below that indorsement appeared that of the payee, Sterling Talking Machine Co.

After the note was offered and received in evidence, the plaintiff rested. Thereupon, the defendant introduced its charter showing that it had the power to engage in a manufacturing business and that it was not organized to issue or indorse accommodation paper. Defendant's president then testified that the note in question was indorsed in the defendant's name at the maker's request and without consideration so that the payee might realize some money on it.

It is entirely clear not only that the defendant, a corporation, was an accommodation indorser of the note sued upon, but also that the plaintiff was charged with notice to that effect when he received the note bearing the defendant's indorsement, the latter not being in the chain of title. 7 R. C. L. 602, sec. 597; *Pelton v. Spider Lake Sawmill & Lumber Co.*, 117 Wis. 569; *Riddle v. Stevens*, 32 Conn. 378; cited with approval in *Aetna Nat. Bank v. Charter Oak Life Ins. Co.*, 50 Conn. 167. That the defendant was a corporation and known by the plaintiff to be such, is not denied.

It is provided in section 29 of the Negotiable In-

strument Act (Cahill's Ill. St. ch. 98, ¶ 49) that "an accommodation party * * * is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." That applies to an accommodation party who is an individual but not where such party is a corporation, unless the latter is authorized to issue accommodation paper. The Negotiable Instrument Act did not change the law relating to *ultra vires* acts of corporations. Unless authorized by the terms of its charter, a corporation has no power to indorse negotiable paper for accommodation. Any such attempted act on the part of a commercial corporation, is *ultra vires*. *Piser v. Serota and Gans,* 182 Ill. App. 390; *South Side State Bank v. Fox River Distilling Co.,* 194 Ill. App. 655. Being *ultra vires,* the defendant's act in making an accommodation indorsement was void and the plaintiff being charged with notice of the nature of the indoresment cannot recover.

For the reasons stated, we are of the opinion that on the record the defendant is not liable to the plaintiff on the note sued upon. The judgment of the Municipal Court is, therefore, reversed.

*Judgment reversed.*

TAYLOR, P. J. and O'CONNOR, J. concur.